UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HELEN SMITH** | * | **CIVIL ACTION NO.: 2:19-CV-12482** |
| | * | |
| **VERSUS** | * | **SECTION: L** |
| | * | |
| **PROGRESSICE EXPRESS INSURANCE COMPANY, ET AL** | * | **JUDGE: ELDON E. FALLON** |
| | * | |
| | * | **MAGISTRATE: 3** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MOTION FOR LEAVE TO FILE COMPLAINT IN INTERVENTION

**NOW INTO COURT**, through undersigned counsel comes **LOUISIANA CONSTRUCTION AND INDUSTRY SELF INSURERS FUND** ("LCI") who moves this Court for an Order granting it leave to intervene in this action as a matter of right, pursuant to Federal Rule of Civil Procedure 24(a)(2). As grounds thereto, LCI submits the following:

1.

LCI, as more particularly set forth in the attached Complaint in Intervention, is entitled to intervene as a matter of right because it has an interest relating to the property or transaction that is the subject of this action and is so situated that disposing of the action may as a practical matter impair or impede its ability to protect its interest.

2.

As a result of the alleged activities and damages sued upon in the main demand, LCI suffered damages and incurred costs to provide workers' compensation benefits for the Plaintiff, Helen Smith.

3.

Pursuant to La. R.S. 23:1101, *et seq.*, Intervenor has a statutory right to reimbursement of all workers' compensation benefits paid to Plaintiff, Helen Smith, and credit for future workers' compensation benefits to be paid to Plaintiff, Helen Smith.

4.

Disposition of this action without the intervention could impede the right of LCI to recover amounts previously paid to or on behalf of Plaintiff that are ultimately paid to Plaintiff via judgment or settlement of the instant lawsuit, and which are due and owing to LCI pursuant to its rights under Louisiana law.

5.

LCI respectfully asserts that the filing of the Complaint in Intervention is timely and will not retard the progress of the principal action.

6.

Counsel for LCI has contacted counsel for all other parties in this matter, and said counsel have no opposition to LCI intervening in this matter.

**WHEREFORE**, Intervenor, LOUISIANA CONSTRUCTION AND INDUSTRY SELF INSURERS FUND, prays for leave to intervene herein to assert the claims set forth in its Complaint in Intervention, which is attached hereto.

**[Signature Block and Certificate on Following Page]**

        Respectfully Submitted

        **THE WALTZ LAW GROUP, L.L.C.**

        */S/ Jeffery J. Waltz*
        Jeffery J. Waltz (La. Bar No. 28798)
        Jill A. Waltz (La. Bar No. 28081)
        Parish J. Tillman (La Bar No. 37335)
        1100 Poydras Street, Suite 2620
        New Orleans, Louisiana 70163
        Telephone:   (504) 264-5260
        Facsimile:   (504) 264-5487
        *Attorneys for the Intervenor*

## **CERTIFICATE**

    I hereby certify that a copy of the above and foregoing Motion and Memorandum in Support has been served upon all counsel of record through the ECF system and all other parties by facsimile or by placing same in the United States mail, postage prepaid and properly addressed, this 14th day of December 2020.

        */S/ Jeffery J. Waltz*