UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HELEN SMITH** | * | **CIVIL ACTION NO.: 2:19-CV-12482** |
| | * | |
| **VERSUS** | * | **SECTION: L** |
| | * | |
| **PROGRESSICE EXPRESS** | * | **JUDGE: ELDON E. FALLON** |
| **INSURANCE COMPANY, ET AL** | * | |
| | * | **MAGISTRATE: 3** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT IN INTERVENTION**

**NOW INTO COURT**, through undersigned counsel comes **LOUISIANA CONSTRUCTION AND INDUSTRY SELF INSURERS FUND** ("Intervenor" or "LCI") who submits the following Complaint-in-Intervention and respectfully represents the following:

1.

Made Defendants-in-Intervention are:

1) Helen Smith;

2) Sammy Dayi Transport;

3) Juan Hernandez; and,

4) Progressive Express Insurance Company.

2.

LCI is a domestic self insurance fund authorized to do and doing business in the state of Louisiana.

3.

This Court has jurisdiction over LCI's intervention pursuant to 28 U.S.C. 1332(a)(1).

4.

On and prior to August 2, 2018, the date of the alleged accident sued upon by Plaintiff, Helen Smith, in the principal demand herein, and at all relevant times, LCI was the workers' compensation carrier for Care, Inc., the employer of Plaintiff. Helen Smith.

5.

On August 2, 2018, Plaintiff, Helen Smith, while employed by Care, Inc. and while acting in the course and scope of her employment, sustained physical injuries by an accident as mentioned in the complaint and/or petition filed by Helen Smith herein; the workers' compensation laws of Louisiana were and are applicable to all rights and liabilities and obligations as between Helen Smith on the one hand, and Care, Inc. and LCI on the other hand.

6.

Because of injuries sustained by Helen Smith in the accident referred to in the petition and/or complaint filed by Plaintiff, and medical and other professional care made necessary as a result thereof under the workers' compensation laws of Louisiana, LCI has made payments to and/or for the account of Helen Smith for hospital and medical and other expenses for professional care, and has also made payments to and/or for the account of Helen Smith for workers' compensation benefits, and are continuing at this time to pay such weekly compensation benefits and such medical expenses as may be necessarily incurred and reasonably due for examination and/or treatment of Helen Smith because of said injuries. As of October 12, 2020, LCI has paid to and/or for the account of Helen Smith the total principal sum of $81,844.32 for medical and hospital and other such similar expenses for professional care, and the additional principal sum of $24,518.94 as weekly compensation benefits, and is continuing to pay such additional payments as they may justly become due.

7.

All said payments that LCI has made and may hereafter make to and/or for the account of Helen Smith necessarily were made and will be made because of the injuries sustained by Helen Smith in said accident and because of the obligations of Care, Inc. and LCI under the workers' compensation laws of the state of Louisiana.

8.

By virtue of the workers' compensation laws and other laws of Louisiana, and by virtue of the insurance policy providing said workers' compensation insurance coverage to Care, Inc., LCI was and is subrogated to all rights of Care, Inc., against all third parties allegedly responsible for said accident, and accordingly, Care, Inc. and LCI have a right and cause of action against all parties allegedly responsible for said accident to recover all workers' compensation payments that they have made and may hereafter make.

9.

Care, Inc. and LCI have an interest in the outcome of this lawsuit to recover all payments that have been made and may be made by them hereafter because of injuries sustained by Helen Smith in the accident sued upon, and LCI desires to intervene herein and to claim all of such amounts, and in the event any recovery by Helen Smith should be made herein, LCI was and is entitled to and does claim all such amounts out of any such recovery by way of preference.

10.

LCI joins with Plaintiff in asserting claims against the Defendants herein, and primarily upon information and belief, LCI adopts as its own and incorporates herein by reference the same as if having been rewritten here *in extenso*, all allegations of Plaintiff's Petition for Damages and/or Complaint.

11.

Whatever damages Plaintiff, Helen Smith, may recover herein should be so apportioned in any judgment rendered that the claim of LCI as intervenor for all workers' compensation benefits paid to and/or on behalf of Helen Smith or that may be paid in the future, because of injuries sustained by Helen Smith in said accident, shall take precedence over all claims of Helen Smith herein to the extent of any and all such amounts, and said judgment also should provide that if such damages that may be awarded to Helen Smith are not sufficient or are sufficient only to reimburse LCI for the total of the amounts that it has paid and may pay as of that time, that such damages should be assessed solely in favor of LCI, but if such damages are more than sufficient to reimburse LCI, then any excess over the total amount and/or amounts payable to LCI should be assessed in favor of Helen Smith and upon the payment thereof to Helen Smith any and all liability of Intervenor for any and all additional benefits under the workers' compensation laws of Louisiana to and for the account of Helen Smith should be ordered ceased for such part of such workers' compensation benefits due computed at six percent (6%) per annum or at whatever maximum rate may be allowed shall be satisfied by such payment.

12.

In the event whatever damages Helen Smith may recover shall not be sufficient to reimburse LCI for all payments made by it as of that time and also fully to satisfy any further workers' compensation liability of LCI for any benefits that may be computed at the maximum discount rate allowable, LCI should have judgment in its favor and against the Defendants, herein, *in solido*, for an amount equal to any and all workers' compensation liability that LCI may have had in excess of any such amounts that may be solely awarded to Helen Smith.

13.

Alternatively, LCI alleges that in the event whatever damages Helen Smith may recover shall not be sufficient so as to reimburse LCI for all workers' compensation benefits made as of that time and fully to satisfy any additional workers' compensation liability of LCI computed at the maximum discount rate that may be then appropriate, and if LCI is not awarded an amount equal to any and all additional workers' compensation liability that LCI may have had and may have in excess of any amounts that may have been awarded to Helen Smith and LCI, all rights should be reserved to LCI to assert against the defendants herein and/or any of them, anyone else at any appropriate time any and all claims that LCI may have had and may have because of workers' compensation liability for any amounts that may not have been satisfied by any judgment rendered herein.

**WHEREFORE**, Intervenor prays that leave of court be granted to file this Complaint of intervention, and that after all due proceedings have been had, that there be judgment rendered in favor of Intervenor, Louisiana Construction and Industry Self Insurers Fund, against Plaintiff, Helen Smith, and against Defendants, Progressive Express Insurance Company, Samy Dayi Transport, Inc., and Juan Hernandez, for the full and true sum of all workers' compensation benefits and medical expenses paid to and/or on behalf of Plaintiff, Helen Smith, together with legal interest from date of judicial demand until paid, and for the additional full and true sum of any and all amounts that may be paid in the future by intervenor and for all costs of these proceedings.

**PRAYS FURTHER** for all general and equitable relief and for all orders and decrees necessary in the premises, and for all costs.

Respectfully Submitted

**THE WALTZ LAW GROUP, L.L.C.**

     */S/ Jeffery J. Waltz*
Jeffery J. Waltz (La. Bar No. 28798)
Jill A. Waltz (La. Bar No. 28081)
Parish J. Tillman (La Bar No. 37335)
1100 Poydras Street, Suite 2620
New Orleans, Louisiana 70163
Telephone:   (504) 264-5260
Facsimile:    (504) 264-5487
*Attorneys for the Intervenor*,
LOUISIANA CONSTRUCTION AND
INDUSTRY SELF INSURERS FUND

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing Motion and Memorandum in Support has been served upon all counsel of record through the ECF system and all other parties by facsimile or by placing same in the United States mail, postage prepaid and properly addressed, this 14th day of December 2020.

     */S/ Jeffery J. Waltz*
